UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY BETH OLIVER,

       Plaintiff,                                         Case Number 14-13318
                                                                         Honorable David M. Lawson
v.                                                                          Magistrate Judge Charles E. Binder

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**<u>OPINION AND ORDER REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING CASE FOR FURTHER PROCEEDINGS</u>**

The plaintiff filed the present action on August 26, 2014 seeking review of the Commissioner's decision denying the plaintiff's claims for disability insurance benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Charles E. Binder under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and to remand the case for further consideration. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Binder filed a report on April 15, 2015 recommending that the defendant's motion be granted, the plaintiff's motion be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation and the defendant filed a response to those objections. This matter is now before the Court.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations

to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and the defendant's response and has made a *de novo* review of the administrative record in light of the parties' submissions.

The plaintiff, who is now 44 years old, filed her application for disability insurance benefits in 2011 when she was 41. She had a tenth grade education and worked as a hair dresser until December 2010, when she began experiencing severe chest pains. The plaintiff suffered a heart attack, has been diagnosed with coronary artery disease (CAD), and has had interventional coronary artery treatment. She also had been complaining of dizziness since 2006. On March 22, 2012, the plaintiff was diagnosed with "uncompensated unilateral vestibular loss."

On December 1, 2011, the plaintiff filed her claim for disability benefits, alleging that she became disabled on December 20, 2010. The plaintiff's application was denied initially on April 17, 2012. She filed a timely request for an administrative hearing, and on March 14, 2013 the plaintiff appeared before administrative law judge (ALJ) Oksana Xenos. On March 27, 2013, ALJ Xenos issued a written decision in which she found that the plaintiff was not disabled as defined by the Social Security Act. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ found that the plaintiff had not engaged in substantial gainful activity since December 20, 2010 (step one); she suffered from coronary artery disease, vestibulopathy, and depression and anxiety, which impairments were "severe" within the meaning of the Social Security Act (step two); none of those impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff could not perform her previous work as a hairdresser, which exceed her current functional capacity (step four).

In applying the fifth step of the analysis, the ALJ concluded that the plaintiff had the residual functional capacity to perform unskilled, sedentary work, with the limitations that she cannot climb ladders, ropes, or scaffolds; should not be exposed to moving machinery, unprotected heights, or uneven terrain; should only be exposed to occasional contact with the general public; and cannot perform any commercial driving. A vocational expert testified that the plaintiff would be able to perform jobs such as "table worker" or "weight tester," and that there were approximately 3,500 such jobs in southeast Michigan. Based on these findings and using Medical Vocational Rule 201.25 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals

Council, which denied the plaintiff's request for review on June 23, 2014. She filed her complaint seeking judicial review on August 26, 2014.

In her summary judgment motion, the plaintiff argued that the ALJ's decision that the plaintiff did not meet or equal an impairment in Listing 4.04C was not supported by substantial evidence; and the ALJ did not explain adequately her decision that the plaintiff was able to perform at a level that would allow her to engage in jobs available in the national economy. The magistrate judge concluded that substantial evidence supported the ALJ's determinations.

The plaintiff asserted three objections to the magistrate judge's report. First, she argues that the magistrate judge and the ALJ did not account properly for her impaired concentration, persistence, and pace when determining her residual functional capacity (RFC) and in formulating the hypothetical question to the vocational expert. Second, the plaintiff argues that the magistrate judge mischaracterized her Global Assessment of Functioning (GAF) score of 55 as a "severe" restriction, rather than a moderate restriction. Third, the plaintiff takes issue with the magistrate judge's treatment of the ALJ's application of Listing 4.04C.

The magistrate judge and the parties agree on the proper legal framework for deciding appeals in Social Security cases. "The Commissioner's conclusion will be affirmed absent a determination that the ALJ failed to apply the correct legal standard or made fact findings unsupported by substantial evidence in the record." *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (citing 42 U.S.C. § 405(g); *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Ibid.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). "Substantial evidence is 'more

than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Ibid.* (quoting *McGlothin v. Comm' r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008)).

It is clear from the record that the plaintiff has severe coronary artery disease. She suffered a heart attack in 2010. She has received five stents in her left anterior descending coronary artery (LAD), and three of them are restenosing. She has been diagnosed with unstable angina, and she suffers chest pain with exertion. She is not a candidate for coronary artery bypass surgery, because the stents run nearly the entire length of her LAD.

The ALJ's application of Listing 4.04C is curious — and perhaps confusing — for two reasons. First, the ALJ determined that the listing did not apply because

> there is no angiographic evidence showing 50 percent or more narrowing of a nonbypassed left main coronary artery, 70 percent or more narrowing of another nonbypassed coronary artery, 50 percent or more narrowing of at least two nonbypassed coronary arteries, or 70 percent or more narrowing of a bypass graft vessel along with very serious limitations of the ability to initiate, sustain, or complete activities of daily living.

Tr. 15. However, evidence in the record — some of which actually was cited by the ALJ in her decision — shows that the plaintiff's LAD, a branch of the left main coronary artery, was 80 percent occluded after the stents had been placed previously. Tr. 18, 366, 382. The Commissioner has not explained how the ALJ's rationale squares with that evidence, and the magistrate judge did not discuss it.

The second reason why discussion of Listing 4.04C is curious was touched upon by the magistrate judge: he observed that there was no evidence that the plaintiff was unable to tolerate an exercise stress test. According to the Secretary, Listing 4.04C requires the following showing:

> Coronary artery disease, demonstrated by angiography (obtained independent of Social Security disability evaluation) or other appropriate medically acceptable imaging, and *in the absence of a timely exercise tolerance test or a timely normal drug-induced stress test*, an MC, preferably one experienced in the care of patients with cardiovascular disease, has concluded that performance of exercise tolerance testing would present a significant risk to the individual, with both 1 and 2:
> [list of the measures of occlusion of various coronary vessels].

20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 4.04C (emphasis added). As the magistrate observed, there is no evidence in the record that the plaintiff could not engage in an exercise tolerance test. The record, in fact, shows that she was given at least two of them within the relevant time period. But that does not mean that the plaintiff failed to establish a listing level impairment. Rather, it indicates that the ALJ did not apply the correct listing.

As the regulations explain:

> We will use 4.04C only when you have symptoms due to myocardial ischemia as described in 4.00E3–4.00E7 while on a regimen of prescribed treatment, you are at risk for exercise testing (see 4.00C8), and we do not have a timely ETT or a timely normal drug-induced stress test for you.

20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 4.00E(9)(g). When exercise tolerance tests have been administered, the appropriate listing to apply is 4.04A or B. The ALJ did not discuss those listings, although there is evidence of the appropriate test results in the record. Under those circumstances, the Court must conclude that substantial evidence does not support the ALJ's determination of non-disability. A post-judgment remand for further proceedings is authorized under sentence four of section 405(g) for further consideration of evidence in the record. *See Melkonyan v. Sullivan,* 501 U.S. 89, 97-98 (1991); *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

It is also worth noting that the plaintiff has attached another report from Dr. Mancini to her brief in this Court. She suggests that the Court should remand to allow the ALJ to consider that

evidence. Under sentence six of 42 U.S.C. 405(g), "[t]he district court can remand the case for further administrative proceedings in light of the new evidence, if the claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." *Foster v. Halter*, 279 F.3d 348, 357 (6 Cir. 2001) (citing *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146 (6th Cir. 1996)).  That rule does not apply here, however, because it appears that the information is not new, and it can be found in the record already.  Tr. 381-82.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge did not properly review the administrative record and apply the correct law in reaching his conclusion.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #16] is **REJECTED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #13] is **GRANTED** in part.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #14] is **DENIED**.

It is further **ORDERED** that the matter is **REMANDED** to the Commission for further administrative proceedings.

                                              s/David M. Lawson  
                                              DAVID M. LAWSON  
Dated:   September 30, 2015           United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 30, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI